*SEALED*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:10-cr-00547-RLH-GWF |
| Plaintiff, | **S E A L E D   O R D E R** |
| vs. | Ex Parte Motion for Subpoena Duces Tecum (#674) |
| JACOB MCLAUGHLIN,, | |
| Defendant. | |

Before the Court is **Defendant Jacob McLaughlin's Ex Parte Motion for Subpoena Duces Tecum** (#674, filed Oct. 3, 2012 ). Defendant requests the Court issue a subpoena *duces tecum* to the Department of Child and Family Services to produce records for the purposes of sentencing. Defendant has persuaded the Court that issuance of this subpoena is warranted, but not that *ex parte* issuance is warranted. For the reasons discussed below, the motion is granted with limitation.

**DISCUSSION**

**I.  Pre-Sentencing Subpoena**

Generally, a subpoena *duces tecum* is issued for the production of documents to be used at trial. *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010). A Federal Rule of

1

AO 72
(Rev. 8/82)

Criminal Procedure Rule 17 "pretrial" subpoena can also be used for a sentencing proceeding. *Id.* (citing *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981)). The Ninth Circuit adopted the Tenth Circuit's reasoning in *Winner* that:

> [i]n such situations, the party seeking production must show: (1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general "fishing expedition."

*Id.* (quoting *Nixon*, 418 U.S. 683, 699-700 (1974)). Therefore, if a pre-sentencing subpoena is sought, the Court must apply the *Nixon* factors in the sentencing context to determine whether to issue the subpoena. *Nixon*, 418 U.S. at 699–700.

To meet his burden, the moving party must show the relevancy, admissibility, and specificity of the evidence sought. *Nixon*, 418 U.S. at 700. Conclusory allegations of relevance or admissibility are insufficient to meet the moving party's burden. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981). Further, the documents requested must have more than merely some potential of relevance and evidentiary use. *United States v. Burger*, 773 F.Supp. 1419, 1425 (D. Kan. 1991). Rather, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged. *Nixon*, 418 U.S. at 700.

The moving party must specifically identify the type of information the subpoena *duces tecum* aims to find. The specificity requirement prevents a subpoena *duces tecum* from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 341 U.S. 214, 221 (1951). Issuance of the subpoena *duces tecum* is improper "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up." *United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D. Fla. 1991).

Here, Defendant has met the *Nixon* standards outlined above. First, Defendant has adequately set forth the evidentiary nature of information regarding Defendant's juvenile criminal history, bi-polar disorder diagnosis and treatment, and educational records. Further, Defendant has shown the relevance of the information by its potential to be a mitigating factor. Second, Defendant has shown that the information is not otherwise procurable without this Court's order. Third, Defendant reasonably requires this information to prepare for sentencing. Last, Defendant has articulated with sufficient specificity what identifiable and specific information he seeks to find relating to his medical disability and treatment that he did or did not receive. Thus, the application is made in good faith and does not amount to a fishing expedition.

## II.   Ex Parte Application for a Subpoena under Rule 17

Rule 17(c) does not expressly authorize a party in a criminal case to apply for a subpoena *duces tecum* without giving notice to the opposing party. Where a party seeks to subpoena personal or confidential information about the *victim* of the charged crime, Rule 17(c)(3) requires that the party provide notice to the victim so that he can challenge the subpoena. However, the rule is silent as to notice requirements for subpoenas that do not seek information about the victim.

Courts are split as to whether a party may make an ex parte application for a pretrial subpoena *duces tecum*, and the Ninth Circuit has not ruled upon the issue. Some courts have held that a party may make an *ex parte* application for a pretrial subpoena *duces tecum* when the source or integrity of evidence would be "imperiled" or trial strategy disclosed. *See*, *United States v. Lambeth*, 2010 WL 4117681 (D. Nev., October 08, 2010); *United States v. Daniels*, 95 F.Supp.2d 1160, 1162-63 (D. Kan. 2000); *United States v. Tomison*, 969 F.Supp. 587, 589-95 (E.D. Cal. 1997); *United States v. Beckford*, 964 F.Supp. 1010, 1025-31 (E.D. Va. 1997); *U.S. v. Jenkins*, 895 F.Supp. 1389 (D. Haw., 1995).

This court agrees with those courts that have found that a defendant should be permitted to make an *ex parte* application for *pretrial* production of documents under limited

3

1  circumstances, such as where notice of a subpoena *duces tecum* would compromise defense
2  counsel's trial strategy; or where a constitutional interest of a defendant is implicated.
3  Additionally, the Court notes Defendant's cited authority that allows for Rule 17 subpoena's to be
4  issued for post-trial motions and sentencing.  However, the cited authority does not stand for the
5  proposition that a post-trial motion can be granted *ex parte*. Defendant fails to cite any precedent
6  or authority allowing an issuance of an *ex parte* post-trial subpoena *duces tecum* .

7        Although the Court agrees that access to the information may be useful to
8  Defendant, Defendant has failed to convince this Court that departure from general disfavor of *ex*
9  *parte* motions is warranted in this case. As this Court explained in its prior order, Defendant
10 cannot unilaterally use helpful information without  allowing the Government to rebut using
11 harmful evidence gleaned from the same. Further, assuming Defendant chose to not introduce the
12 information contained in the documents, Defendant has not shown how the Government could use
13 any negative evidence contained in the documents against Defendant.

14       Defendant has failed to make a showing that this subpoena should be issued *ex*
15 *parte*. Therefore, the motion is granted only to the extent that Defendant serves the subpoena and
16 the produced information to the Government and Probation Officer for consideration when
17 drafting the pre-sentencing report.

18 **CONCLUSION**

19       Accordingly, and for good cause appearing, the Court will grant Defendant's
20 motion only to the extent that it is not issued *ex parte*.
21       IT IS HEREBY ORDERED that Defendant Jacob McLaughlin's Ex Parte Motion
22 for Subpoena Duces Tecum (#674) is GRANTED with limitation.
23       Dated: October 9, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**

4

AO 72
(Rev. 8/82)